## SULLIVAN v. HELLMAN.

### WHITE v. SAME.

(Supreme Court, Appellate Term. January 10, 1901.)

WORK AND LABOR—EVIDENCE.

A judgment for the full amount claimed in a suit to recover for work and labor performed by plaintiff and his assignors is erroneous, where there is no proof as to some of the claims assigned, and a variance between the proof and the bill of particulars as to others, and the evidence shows that defendant, if liable at all, is only liable for a part of the amount sued for.

Appeal from municipal court, borough of Manhattan.

Actions by Daniel Sullivan and Tony White against Myer Hellman, tried together without a jury. From a judgment for plaintiff in each case, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Cohen & Arnold, for appellant.

Max D. Steuer and A. S. Levy, for respondents.

PER CURIAM.[1] These actions are to recover for work, labor, and services performed by the plaintiffs therein and their assignors in excavating rock upon the appellant's land situate at the corner of 117th street and Madison avenue, in the borough of Manhattan. The appellant entered into a contract with one Lawrence C. Blake, by the terms of which the latter agreed to blast, excavate, and remove rock from the former's said land for the sum of $28,500, to be paid for as the work progressed, every two weeks, at the rate of $1.20 per cubic yard of rock removed, as certified by the surveyor. The contract provided that from the amount due to Blake from time to time the appellant or his agents should pay the claims of laborers and material men. Payments were regularly made pursuant to the surveyor's certificate as submitted to the appellant. Another payment was made to Blake on May 17, 1900. He had then stopped work, although the rock had not all been removed, and at that time he had been paid in excess of the said sum of $28,500. The evidence for the plaintiff in each case shows that

[1]Opinion rendered by the Associate Justices after the death of Presiding Justice BEEKMAN.

on May 14, 1900, a committee representing the men called upon the appellant, and, complaining that they were not paid, threatened to stop work. The appellant protested, and finally persuaded the men to return, saying: "Go to work. I will pay you. Keep working, and I will pay you." The appellant denies this, but the justice resolved the conflict in the plaintiffs' favor. It is claimed by counsel for the respondents that the indebtedness in suit accrued after such promise was made. The plaintiff Sullivan testified that the men quit work on May 17, 1900, and it is practically admitted on both sides that work on the job was stopped on that date. Such being the case, the appellant, if liable at all, would be liable, at most, for work performed from the time of the alleged promise, viz. May 14th, to the date last above mentioned. From the bill of particulars and the evidence it appears that the claim of the plaintiff in each action, and of their assignors, 28 in number, is for work performed by them for periods ranging from 3 days to 24 days. The record, however, fails to disclose when the work in suit was performed, except that done by the plaintiff Sullivan as foreman. Whether any of it was done between May 14th and May 17th is open to conjecture, but, even if it was then done, the judgments cannot stand, since the recovery is based in each case upon the entire period sued for.

Apart from all this, the proof is insufficient to support the finding of the trial justice in favor of the plaintiffs for the full amount claimed in each case. Thus, in the White case, the claim of the plaintiff was not proven. There the bill of particulars states that the Terone claim is for eight days' work, whereas the proof shows a performance of but five days' work. In the Sullivan case the plaintiff's evidence is still more defective. The claims of Craco and Frank Solini were not proven, and there are variances between the bill of particulars and the proof concerning the claims of the plaintiff, Rossi, Frank George, and William George, respectively.

The judgment in each case must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.